By the Court—Hoffman, J.
The first exception, to the ruling that the indorsement was not sufficiently proven, is not well taken. The proof of the habit of the Company to indorse in the manner followed in this instance, was sufficient. (Caryl v. McElrath, 3 Sandf. S. C. R., 176; Ogden v. Andre, 4 Bosw., 583; Scott v. Johnson, 5 id., 213.)
The admissibility of the first four offers of the defendants’ counsel to prove the matters stated in them respectively, depends upon the fact whether the plaintiffs are in the position of holders of the note for value without notice. They got it from the Marine Bank, who, it is insisted, took it for valuable consideration without notice before maturity.
The note fell due August 25th-28th, 1857. In September, 1856, one Hotchkiss had possession of it, and delivered it with other notes to Elwell & Company, upon a loan, for which it was given as security. It seems as if it was again deposited-as such security with Elwell & Company for another loan in July, 1857. However this may be, Elwell & Company appear to have got it on a valuable consideration before maturity.
*479 Elwell & Company parted with it to the Marine Bank on a discount of it, at seven per cent, on the 22d of July, 1857. The money was passed to their credit, and drawn out. On the 28th of August, it was certified' by the Merchants’ Bank, and the Marine Bank received the amount from the Merchants’ Bank the present plaintiffs.
The title of the Marine Bank seems indisputable; and this title passed to the plaintiffs by the payment on the day of maturity. The plaintiffs have a right to avail themselves of the title of the Marine Bank. (Story on Prom. Notes, § 191; Haskell v. Whitmore, 19 Maine R., 102.)
The notice to the teller of the plaintiffs not to pay the note, could only, if of any avail, let in the defendants to any defenses which they had against the Marine Bank. If they could have sustained an action, the present plaintiffs were right in paying, and may sustain it also.
The appointment of a Receiver of the Company, can have no effect upon the rights of the parties.
And as to the by-laws, not authorizing the President of the Company to indorse its notes, it is sufficient to say that a bona fide holder is not chargeable with notice of them, as of a general statute or the charter; and no actual notice of such by-laws to the Marine Bank, was offered to be proved.
The judgment should be affirmed, with costs.
Ordered accordingly.